**Eli CARRIER, Jr., et al., Appellants,**

v.

**UNITED STATES of America,
Appellee.**

No. 23128.

United States Court of Appeals
Fifth Circuit.

Nov. 25, 1966.

Rehearing Denied Dec. 13, 1966.

H. Alva Brumfield, Sylvia Roberts, Baton Rouge, La., for appellants.

John C. Eldridge, Morton Hollander, Attys., Dept. of Justice, John W. Douglas, Asst. Atty. Gen., Edward L. Shaheen, U. S. Atty., Washington, D. C., for appellee.

Before JONES, WISDOM, and GOLDBERG, Circuit Judges.

PER CURIAM.

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., arising from the devastation of Cameron Parish, Louisiana, caused by Hurricane Audrey in June 1957. The case is a companion to Bartie v. United States, W.D.La.1963, 216 F. Supp. 10, aff'd, 5 Cir. 1964, 326 F.2d 754, cert. den'd, 1964, 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55. In both cases, the plaintiffs alleged that the United States, through the Weather Bureau, was negligent in "failing to give adequate, clear, correct and proper warning of the nature, intensity, location, path, velocity and speed, and the existence of a tidal wave of Hurricane Audrey, as well as the correct time it would strike the Louisiana coast and particularly Cameron Parish, Louisiana"; that this negligence caused the death of the plaintiff's decedents. *Bartie* was selected for the test case and was fully litigated on the merits. The district court in that case found that the United States was not negligent; that the actions of the Weather Bureau were not the proximate cause of the deaths of the plaintiff's family; that the plaintiff's claim was barred by the provisions in the Federal Tort Claims Act excluding claims based on misrepresentation or abuse of a discretionary function. This Court affirmed the district court on the negligence and proximate cause issues.

In this case, the plaintiffs rely on the record in *Bartie,* and on the only new evidence, the testimony of Mr. Louis Allen, an expert meteorologist from Washington, D. C. Mr. Allen stated that he did not think employees of the Weather Bureau were negligent in gathering information and forecasting the storm. He disagreed only with (1) the language of the various advisories and bulletins, which he felt should have been more specific in warning residents of the entire parish to evacuate immediately, (2) the failure of the Bureau to advise that high winds and tides would precede the eye of the hurricane, and (3) the Bureau's policy of issuing advisories at

fixed times on the basis of extrapolated positions rather than at any time it had positive information on the storm's location.

The district judge considered Mr. Allen's testimony, but concluded that "all in all, the record fails to establish affirmatively the requisite negligence on the part of the Weather Bureau." Accordingly, he entered judgment for the United States.

We have considered Mr. Allen's testimony and the record in *Bartie*. We cannot say, on the entire record, that the district court's finding was clearly erroneous. The judgment of the district court is therefore

Affirmed.